UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BECKY CALDARULO, and RAYMOND FOSSINGER,<br><br>Plaintiffs,<br><br>v.<br><br>ELITE REAL ESTATE LLC, a Washington State Limited Liability Company and Muhammad Doe, *et al.*<br><br>Defendants. | Case No. C17-1333RSL<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court *sua sponte*. On September 12, 2017, Becky Caldarulo and Raymond Fossinger removed to this Court what appears to be a landlord-tenant matter in King County Superior Court. Dkt. # 1. They assert that the Court has subject-matter jurisdiction because plaintiffs' claims arise under the Constitution and laws of the United States. See 28 U.S.C. § 1331(a).

The party seeking a federal venue has the burden of establishing this Court's subject-matter jurisdiction, In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 546 F.3d 981, 984 (9th Cir. 2008), and the Court may *sua sponte* consider the issue of subject-matter jurisdiction at any time during the proceeding, Scholastic Entm't, Inc. v. Fox Entm't Group, Inc., 336 F.3d 982, 985 (9th Cir. 2003); Fed. R. Civ. P. 12(h)(3). The general removal statute, 28

ORDER TO SHOW CAUSE - 1

U.S.C. § 1441, is construed restrictively, meaning if there is substantial doubt whether a case should be in federal court, the Court will remand the case back to state court. See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). Defendants have the burden of proving by a preponderance of the evidence that removal is appropriate under the statute.

Plaintiffs' short complaint makes very brief reference to federal law. That brief reference is: "PLAINTIFF'S due process rights were violated when DEENDANTS [sic] were given improper and harmful instructions in violation of their rights under the AMERICAN [sic] WITH DISABILITIES ACT." Dkt. # 4 at 3. The complaint is not entirely clear, but it appears an investor bought the building where plaintiffs live through a foreclosure sale and then sought to evict the building's residents. Disputes between landlords and tenants usually fall under state law or municipal ordinance. For example, the City of Seattle's Just Cause Eviction Ordinance, which appears in Section 22.206.160 of the Seattle Municipal Code, explains that owners cannot take certain actions against tenants. See also *Evictions*, Seattle.gov, http://www.seattle.gov/dpd/codesrules/commonquestions/evictions (last visited Sep. 12, 2017) (providing resources for Seattleites with questions about eviction). Owners also have certain duties and obligations under parts of the Washington Landlord-Tenant Act that appear in Chapter 59.12 of the Revised Code of Washington. For that reason, state or municipal courts, not federal courts, usually resolve landlord-tenant disputes. Even though plaintiffs mention "due process" and the Americans with Disabilities Act, they do not establish a basis for the Court's jurisdiction.

Plaintiffs are accordingly ORDERED TO SHOW CAUSE on or before Friday, October 6, 2017, why the Court should not remand this action to state court. The Clerk of Court is directed to note this Order to Show Cause on the Court's calendar for Friday, October 6, 2017.

DATED this 21st day of September, 2017.

*[signature: MM S Lasnik]*
Robert S. Lasnik
United States District Judge